Filed 7/14/14  P. v. Kimble CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KELLY VAUGHN KIMBLE,<br><br>Defendant and Appellant. | C073819<br><br>(Super. Ct. No. CM026600) |

Defendant Kelly Vaughn Kimble appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012.  He contends a jury was required to find him dangerous beyond a reasonable doubt for the trial court to deny his petition for resentencing and, barring that, the trial court should have made the dangerousness finding "upon a showing of clear and convincing evidence."  Following the decision of another appellate court (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*)), we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury found defendant guilty of stalking his girlfriend and the court sentenced him to prison for 25 years to life under the three strikes law because he also had prior convictions for attempted kidnapping and criminal threats. The stalking trial included evidence that defendant slapped his girlfriend so hard she could not hear for three days and repeatedly threatened to kill her and then her parents.

Four years after defendant's three strikes sentence, the electorate passed the Three Strikes Reform Act. Under the Three Strikes Reform Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1285, 1286.) If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code,[1] § 1170.126, subd. (f).)

In the trial court, defendant argued in his written motion that his "sentence reduction . . . c[ould] only be denied following a hearing where the prosecution proves by a preponderance of the evidence that resentencing [him] . . . would pose a current, unreasonable risk to public safety." "In determining whether resentencing [him] would pose an unreasonable risk to public safety, th[e trial] [c]ourt must assess [his] *current* danger to the community." And "there [wa]s insufficient evidence for the court to make a finding that [he] presents a current, unreasonable danger to public safety."

---

[1]     All further section references are to the Penal Code.

As defendant requested, the trial court held a hearing at which the court considered evidence of dangerousness presented by the People. The court also considered the evidence defendant had submitted and allowed defendant to testify.

The court then found that defendant would "be an unreasonable risk of danger to the public if released." The court explained its finding as follows: his prior criminal acts "involved physical violence"; "whenever he was placed on probation, he violated probation"; [w]hen he was on parole, he violated parole"; while in prison for the current offense, he "continues to defy authority year after year . . . [a]nd in both 2009 and again in 2010, he assault[ed] another inmate"; and "[h]is other activities include letter writing to other prisoners wherein he brags to other prisoners about his future plans to hustle and his apparent continued gang ties which . . . are apparent by his refusal to move from his cell in the Butte County Jail for gang related reasons."

Now, on appeal, defendant contends that a jury was required to find him dangerous beyond a reasonable doubt and, barring that, the finding of dangerousness should have been made by the trial court "upon a showing of clear and convincing evidence." Quoting *Kaulick*, we explain why defendant is wrong.

DISCUSSION

Defendant first argues he had a right to a jury trial based on proof beyond a reasonable doubt of his dangerousness. As explained in *Kaulick*, "[t]his argument presumes that a finding of dangerousness is a factor which justifies enhancing a defendant's sentence beyond a statutorily presumed second strike sentence" and "that, once the trial court concluded that he was *eligible* for resentencing under the Act, he was subject *only* to a second strike sentence, *unless* the prosecution established dangerousness." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1301, 1302.)

"The statutory language, however, is not amenable to [the defendant]'s interpretation. Penal Code section 1170.126, subdivision (f) does not state that a petitioner eligible for resentencing has his sentence immediately recalled and is

3

resentenced to either a second strike term (if not dangerous) or a third strike indeterminate term (if dangerousness is established). Instead, the statute provides that he 'shall be resentenced' to a second strike sentence 'unless the court . . . determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' In other words, dangerousness is not a factor which enhances the sentence imposed when a defendant is resentenced under the Act; instead, dangerousness is a hurdle which must be crossed in order for a defendant to be resentenced at all. If the court finds that resentencing a prisoner would pose an unreasonable risk of danger, the court does not resentence the prisoner, and the petitioner simply finishes out the term to which he or she was originally sentenced." (*Kaulick*, *supra*, 215 Cal.App.4th at pp. 1302-1303.)

"The maximum sentence to which [the defendant], and those similarly situated to him, is subject was, and shall always be, the indeterminate life term to which he was originally sentenced. While Proposition 36 presents him with an opportunity to be resentenced to a lesser term, unless certain facts are established, he is nonetheless still subject to the third strike sentence based on the facts established at the time he was originally sentenced. As such, a court's discretionary decision to decline to modify the sentence in his favor can be based on any otherwise appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1303.)

As to defendant's backup argument that the standard of proof for a finding of dangerousness should have been clear and convincing evidence, we agree with *Kaulick* that "the proper standard of proof is preponderance of the evidence. Evidence Code section 115 provides that, '[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.' There is no statute or case authority providing for a greater burden, and [the defendant] has not persuaded us that any greater burden is necessary. In contrast, it is the general rule in California that once a defendant is eligible for an increased penalty, the trial court, in exercising its discretion to impose

4

that penalty, may rely on factors established by a preponderance of the evidence. [Citation.] As dangerousness is such a factor, preponderance of the evidence is the appropriate standard." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1305, fns. omitted.)

DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

      ROBIE      , J.

We concur:

      RAYE      , P. J.

      HOCH      , J.